**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00263-CR

_____

## JOSE LUPE TREVINO, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 22963A**

### M E M O R A N D U M   O P I N I O N

Jose Lupe Trevino, Jr. appeals his conviction by a jury of the offense of burglary of a habitation. The trial court, after receiving evidence of two prior convictions, assessed his punishment at twenty-five years confinement in the Texas Department of Criminal Justice, Institutional Division. He contends in two issues on appeal that he was denied effective assistance of counsel during the guilt/innocence phase and during the punishment phase of his trial. We affirm.

Trevino asserts that his counsel was ineffective in the following respects: (1) failed to file several pretrial motions, including a waiver of arraignment and a motion to have the jury assess punishment; (2) conducted minimal voir dire; (3) presented no challenges for cause; (4) briefly cross-examined the complaining witness; (5) presented no evidence on his behalf, either in the trial or punishment phase; (6) did not preserve error as to what Trevino asserts was a reference by the State

to his failure to testify; (7) objected too late to the introduction into evidence of Trevino's prior convictions; and (8) failed to advise Trevino to plead not true to the prior convictions.   In order to prevail on these claims, Trevino must first establish that his counsel's performance was deficient by showing that his counsel's representation fell below the objective standard of professional norms. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).   Second, he must show that this deficient performance prejudiced his defense by showing that the error was so serious as to deprive him of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687.   This means that Trevino must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Bone*, 77 S.W.3d at 833.   A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 687.

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 833.   There is an exception to the presumption of reasonable professional judgment when the complained-of conduct by trial counsel is of a type that no reasonably competent defense attorney would have engaged in for any reason. *Mata v. State*, 226 S.W.3d 425, 428-29 (Tex. Crim. App. 2007).   Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.2d at 833.   In the case at bar, there is no evidence as to counsel's strategy with respect to any of the matters referred to in Trevino's brief on appeal.   The complained-of conduct is not of a type that no reasonably competent defense attorney would have engaged in for any reason. Consequently, we conclude that the record in this appeal is inadequate to support Trevino's contentions.   We overrule Issues One and Two.

The judgment of the trial court is affirmed.

PER CURIAM

April 9, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.